UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Becky J. Whitcomb,

Plaintiff,

vs.

Minnesota Department of Transportation, an agency of the State of Minnesota,

Defendant.

Civil File No. 00-CV-2791 ADM/SRN

**STIPULATION FOR PROTECTIVE ORDER**
AND ORDER

WHEREAS, Plaintiff, through her counsel, has sought and may seek discovery in this matter of documents and information which the Defendant contends include, consist of or contain private and confidential data on individuals under the Minnesota Government Data Practices Act, Minn. Stat. § 13.01. *et seq.,* and specifically under Minn. Stat. § 13.43 and other applicable law; and

WHEREAS such private and confidential data may be necessary to fully litigate this matter, including but not limited to its use by the parties at trial or at any motion hearing or in any motion papers, or independent experts or consultants for the parties; and

WHEREAS, the Defendant has agreed not to use the above-referenced statutory classification as a basis for not producing relevant documents and information, where the benefit of disclosing the information in this case reasonably outweighs the subjects' interest in confidentiality, so long as the discovery is conducted pursuant to the terms set forth below;

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective counsel, that it is necessary to obtain a Protective Order, which includes the terms and conditions set forth herein:

FEB 05 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Discovery of private and confidential personnel data on individuals as defined in Minn. Stat. § 13.43 and other applicable law, which has been or may be sought by Plaintiff as a result of discovery, will be discoverable under the terms and conditions set forth in paragraph 2 below. Herein such information shall be called "confidential information."

2. Discovery of confidential information will be subject to the following conditions:

a. Plaintiff's counsel, support staff, and experts will be the only persons to review the documents containing the confidential information; they may share the confidential information with Plaintiff only to the extent necessary to prosecute this litigation; they shall not share with Plaintiff the social security numbers of Defendant's employees,[1] their spouses, or their children; they shall not share with Plaintiff the residential addresses and telephone numbers for any of Defendant's employees, their spouses or their children; nor shall they share the names of any such Defendant's employees' spouses or children with Plaintiff. Any such personal identifying information contained in such documents shall be redacted before Plaintiff is permitted to review such documents.

b. The confidential information will be used solely in connection with the above-entitled litigation. Except as provided by the terms of the Protective Order, confidential information will be kept confidential by Plaintiff, Plaintiff's counsel, Plaintiff's counsel's support staff, and those persons identified in paragraph 2(c), who receive confidential information.

[1] Defendant's employees are defined to include current and former employees.

c. The confidential information will not be disclosed by Plaintiff's counsel or by support staff during the course of trial preparation, except to the Plaintiff, pursuant to the terms set out in paragraph 2(a) above, such employees of Plaintiff's counsel who assist in the above-entitled litigation, all of whom agree to be bound by the terms of the Protective Order, and to the following qualified individuals who, prior to disclosure, sign an affidavit agreeing to be bound by the terms of the Protective Order:

i. Independent experts or consultants working with counsel for Plaintiff; and

ii. Other persons, including deponents, whose assistance is required by counsel in conducting this litigation.

d. If the individuals identified in paragraph c.i. and c.ii. refuse to execute an affidavit indicating their willingness to be bound by the Protective Order, then Plaintiff, Plaintiff's counsel and counsel's support staff agree not to disclose any confidential documents protected by this Stipulation (and the corresponding Protective Order) until or unless such an affidavit is obtained.

e. Confidential information submitted to the Court before trial in this matter will be kept private and under seal.

f. If deposition questions call for disclosure of confidential information, then the court reporter shall prepare a confidential record for answers to that portion of the deposition; transcripts of such testimony shall also be submitted under seal to the Court.

g. Plaintiff is required to return any and all copies of documents containing confidential information to counsel for Defendant within six years of the close of this litigation, at the request of counsel for Defendant.

h. To the extent that Plaintiff, Plaintiff's counsel or Plaintiff's counsel's support staff create and/or draft documents containing confidential information, the Plaintiff, Plaintiff's counsel, and Plaintiff's counsel's support staff shall destroy such documents within six years of the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information will be erased or destroyed. At the request of counsel for Defendant, Plaintiff and Plaintiff's counsel will provide Defendant's counsel with an affidavit stating that the destruction of the documents and erasure or destruction of stenographic, mechanical, computer or other types of electronic memory has occurred.

3. Nothing in this Stipulation or in the corresponding Protective Order shall be construed as limiting the use of confidential information at a trial concerning this matter, or in any motion hearing or motion papers, and the use of confidential information shall be determined by the Court after the data is first submitted under seal for review by the Court.

4. If Plaintiff believes that data disclosed pursuant to this Stipulation and the Protective Order should not be characterized as confidential information, then she may request by motion to the Court that the data be declared not confidential.

5. Nothing in this Stipulation or corresponding Protective Order shall estop Defendant from making any other defense objections, or exceptions otherwise available to any discovery or disclosures in this case.

6. Should modification(s) of the Protective Order be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the Court for consideration of their proposed change(s).

5. This Stipulation and the corresponding Protective Order survives this lawsuit and will remain in full force and effect after the close of litigation.

Dated: 2/4/02

JEFFREY M. ELLIS, PLLC

JEFFREY M. ELLIS
Atty. Reg. No. 228461

331 Ridgewood Avenue
Suite B
Minneapolis, MN 55403
(612) 486-1807

ATTORNEYS FOR PLAINTIFF

Dated: 2/4/02

MIKE HATCH
Attorney General
State of Minnesota

KRISTYN ANDERSON
Assistant Attorney General
Atty. Reg. No. 267752

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2127
(651) 282-5728 (Voice)
(651) 296-1410 (TTY)

ATTORNEYS FOR DEFENDANT

AG: 512054,v. 01

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Becky J. Whitcomb,

Plaintiff,

vs.

Minnesota Department of Transportation,
an agency of the State of Minnesota,

Defendant.

Civil File No. 00-CV-2791 ADM/SRN

**PROTECTIVE ORDER**

The above-entitled matter came on for consideration before this Court on ____________, 2002, upon a Stipulation by the parties in this action. The parties, through their respective counsel, seek a Protective Order, pursuant to their Stipulation, allowing for the use, in the litigation of this lawsuit, of various documents, records, and other materials protected by the Minnesota Government Data Practices Act and other applicable law. The parties, through their respective counsel, also seek a Protective Order to enable Defendants to comply with discovery requirements and discovery requests by Plaintiff, under the terms and conditions stipulated and agreed to in their Stipulation and set forth in this Order, at paragraph 2 below.

This Court finds that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties' request for a Protective Order in accordance with their Stipulation is based upon good cause and is reasonable under the circumstances. This Court also finds that the parties' agreements, as set forth in their Stipulation, satisfy the Court's concern that there be continued protection of protected data.

Furthermore, pursuant to Minn. Stat. § 13.03, subd. 6, the Court hereby determines that the benefit to Plaintiff in providing documents, things, and information about her claims, as called for in her discovery requests, outweighs the private and/or confidential nature of the documents, things, and data called for in the above-entitled matter, so long as the discovery is conducted pursuant to the terms set forth below.

Therefore, pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.* and specifically Minn. Stat. § 13.03, subd. 6, and the stipulation of the parties, and based on a consideration of Plaintiff's need for certain data which Defendant contends is classified as private and confidential data under Minn. Stat. § 13.43, and Defendant's interest in maintaining the confidentiality of the data,

IT IS HEREBY ORDERED THAT:

1. Discovery of private and confidential personnel data on individuals as defined in Minn. Stat. § 13.43 and other applicable law, which has been or may be sought by Plaintiff as a result of discovery, will be discoverable under the terms and conditions set forth in paragraph 2 below. Herein such information shall be called "confidential information."

2. Discovery of confidential information will be subject to the following conditions:

   a. Plaintiff's counsel, support staff, and experts will be the only persons to review the documents containing the confidential information; they may share the confidential information with Plaintiff only to the extent necessary to prosecute this litigation; they shall not share with Plaintiff the

social security numbers of Defendant's employees,[1] their spouses, or their children; they shall not share with Plaintiff the residential addresses and telephone numbers for any of Defendant's employees, their spouses or their children; nor shall they share the names of any such Defendant's employees' spouses or children with Plaintiff. Any such personal identifying information contained in such documents shall be redacted before Plaintiff is permitted to review such documents.

b. The confidential information will be used solely in connection with the above-entitled litigation. Except as provided by the terms of this Protective Order, confidential information will be kept confidential by Plaintiff, Plaintiff's counsel, Plaintiff's counsel's support staff, and those persons identified in paragraph 2(c), who receive confidential information.

c. The confidential information will not be disclosed by Plaintiff's counsel or by support staff during the course of trial preparation, except to the Plaintiff, pursuant to the terms set out in paragraph 2(a) above, such employees of Plaintiff's counsel who assist in the above-entitled litigation, all of whom agree to be bound by the terms of the Protective Order, and to the following qualified individuals who, prior to disclosure, sign an affidavit agreeing to be bound by the terms of the Protective Order:

i. Independent experts or consultants working with counsel for Plaintiff; and

---

[1] Defendant's employees are defined to include current and former employees.

ii. Other persons, including deponents, whose assistance is required by counsel in conducting this litigation.

d. If the individuals identified in paragraph c.i. and c.ii. refuse to execute an affidavit indicating their willingness to be bound by this Protective Order, then Plaintiff, Plaintiff's counsel and counsel's support staff agree not to disclose any confidential documents protected by this Protective Order (and the corresponding Stipulation) until or unless such an affidavit is obtained.

e. Confidential information submitted to the Court before trial in this matter will be kept private and under seal.

f. If deposition questions call for disclosure of confidential information, then the court reporter shall prepare a confidential record for answers to that portion of the deposition; transcripts of such testimony shall also be submitted under seal to the Court.

g. Plaintiff is required to return any and all copies of documents containing confidential information to counsel for Defendant within six years of the close of this litigation, at the request of counsel for Defendant.

h. To the extent that Plaintiff, Plaintiff's counsel or Plaintiff's counsel's support staff create and/or draft documents containing confidential information, the Plaintiff, Plaintiff's counsel, and Plaintiff's counsel's support staff shall destroy such documents within six years of the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such

information will be erased or destroyed. At the request of counsel for Defendant, Plaintiff and Plaintiff's counsel will provide Defendant's counsel with an affidavit stating that the destruction of the documents and erasure or destruction of stenographic, mechanical, computer or other types of electronic memory has occurred.

3. Nothing in this Protective Order shall be construed as limiting the use of confidential information at a trial concerning this matter, or in any motion hearing or motion papers, and the use of confidential information shall be determined by the Court after the data is first submitted under seal for review by the Court.

4. If Plaintiff believes that data disclosed pursuant to this Protective Order should not be characterized as confidential information, then she may request by motion to this Court that the data be declared not confidential.

5. Nothing in this Order shall estop Defendant from making any other defense objections, or exceptions otherwise available to any discovery or disclosures in this case.

6. Should modification(s) of this Order be needed in the future to enable litigation of this matter to go forward, the parties may, upon further agreement and written stipulation, reapply to the Court for consideration of their proposed change(s).

7. This Protective Order survives this lawsuit and will remain in full force and effect after the close of litigation.

Dated: February 5, 2002

BY THE COURT

Susan Richard Nelson

SUSAN R. NELSON
U.S. Magistrate Judge

AG: 512055,v. 01

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

### *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

### ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.